HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK DURBIN,

    Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C18-1446 RAJ

ORDER

This matter comes before the Court on the Commissioner's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. # 9. Plaintiff has opposed, and the Commissioner has not filed a reply. Dkt. # 10. For the reasons that follow, the Court **GRANTS** the Commissioner's Motion to Dismiss.

**I. DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for the dismissal of a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12. The court must dismiss a complaint under Rule 12(b)(1) if, viewing the factual allegations in the light most favorable to the plaintiff, the underlying action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or

ORDER – 1

controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); see also 28 U.S.C. § 1331 (federal question jurisdiction).

When considering a Rule 12(b)(1) motion to dismiss, the court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 2008) (citations omitted), *cert. denied* 489 U.S. 1052 (1989). Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Id*.

With regard to social security benefits, a plaintiff must obtain a "final judgment" from the Commissioner of Social Security prior to seeking judicial review in federal district court. *Johnson v. Shalala*, 2 F.3d 918, 920-21 (9th Cir. 1993); *see also* 42 U.S.C. § 405(g). This Court lacks subject matter jurisdiction over claims upon which there has been no final agency action. *See* 42 U.S.C. § 405(g) and § 405(h) ("The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (interpreting § 405(g)'s requirement of a final decision after a hearing "to be central to the requisite grant of subject-matter jurisdiction—the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"); *Johnson*, 2 F.3d at 921 ("Section 405(g) requires an SSI claimant to obtain a final judgment from the Secretary before seeking judicial review.")

In this lawsuit, filed October 2, 2018, Plaintiff alleges that he demanded "retirement benefits" from the Social Security Administration ("SSA") on May 10, 2018, via the SSA's "internat online application." Dkt. # 1 at 2. Plaintiff claims that the SSA acknowledged receipt of this application but is refusing to pay his benefits. *Id.* In response, the Commissioner argues this action should be dismissed because Plaintiff failed to exhaust administrative remedies prior to seeking judicial review. Dkt. # 9 at 2-3. The Commissioner provides a Declaration from Christianne Voegele, Chief of Court Case Preparation and Review Branch 1 of the Office of Appellate Operations, who testified on December 16, 2018 that there had been no administrative hearing, decision, or request for appellate review in Plaintiff's matter. Dkt. # 9 at 2; Dkt. # 9-1 at 2-3.

The Court agrees with the Commissioner that there has been no "final judgment" from the Commissioner prior to Plaintiff seeking judicial review. *Johnson*, 2 F.3d at 920-21; *see also* 42 U.S.C. § 405(g). A final judgment consists of two elements: "the presentment of a claim to the [Commissioner] and the exhaustion of administrative remedies." *Johnson*, 2 F.3d at 921; *see also Mathews v. Eldridge*, 424 U.S. 319, 328 (1975). To satisfy the presentment requirement, a plaintiff must present his claim to the Commissioner "in the manner prescribed by the Commissioner." *See Holcomb v. Colvin,* 3:13-CV-05256-KLS, 2014 WL 51148, at *3 (W.D. Wash. Jan. 7, 2014). The presentment requirement is jurisdictional and cannot be waived by the Commissioner or the courts. *Johnson*, 2 F.3d at 921; *see also Mathews*, 424 U.S. at 330. Further, to satisfy the exhaustion requirement, a plaintiff usually must receive an "initial determination regarding entitlement to benefits, reconsideration of that determination, a hearing before an [administrative law judge ("ALJ") ], and review by the Appeals Council of the ALJ's decision." *Id.* (citing 20 C.F.R. § 404.900(a); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (1988)).

ORDER – 3

Plaintiff provides no evidence that any formal determination of his benefits has occurred, and the only evidence in the record indicates that such a determination has not yet been made. *See* Dkt # 9-1. Plaintiff's Response wholly fails to point to any decision denying benefits or address the exhaustion requirement at all. Instead, it misconstrues the basis of the Commissioner's Motion to Dismiss as arguing the Commissioner's soverign immunity and that the denial of benefits is "discretionary." Dkt. # 10 at 2-3. The Court thus finds that Plaintiff has failed to exhaust his administrative remedies. *See Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (plaintiff failed to exhaust administrative remedies where "there was no hearing or 'final decision' by the Commissioner").

The Court notes that there is an exception to this general rule that allows the Court to exercise judicial review if the plaintiff presents a colorable constitutional claim of a due process violation.[1] *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977); *Dexter v. Colvin*, 731 F.3d 977, 980-81 (9th Cir. 2013) (citations omitted). A colorable constitutional claim is one that is not immaterial, insubstantial, or frivolous, but rather one that alleges "facts sufficient to state a violation of substantive or procedural due process." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). For this exception to apply, a plaintiff must present a "colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citation omitted).

---

[1] The Court also recognizes that the Ninth Circuit permits waiver of the exhaustion requirement under certain circumstances, *i.e.* where plaintiff's claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Johnson*, 2 F.3d at 921. Neither party discusses this test, and the Court finds that waiver is inappropriate at this time. Plaintiff has not, for instance, made any showing that he would suffer irrepearable harm if the Court denies relief, or that resolution of his claims would nto serve the purposes of exhaustion.

ORDER – 4

Here, however, Plaintiff fails to provide any such basis for a constitutional claim. Plaintiff provides no evidence that he has even requested an administrative hearing, or that the Commissioner has deprived him of his opportunity to be heard or seek reconsideration on this matter. Both Plaintiff's Complaint and Response fail to articulate any cognizable constitutional claim. Accordingly, Plaintiff's failure to exhaust his administrative remedies precludes judicial review of Plaintiff's claim in this case.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Commisioner's Motion to Dismiss. Dkt. # 9.

DATED this 18th day of April, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5